UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THEO BURNETTE

                Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner
Social Security Administration, LUCINDA E.
DAVIS, Office of the General Counsel, and
SOCIAL SECURITY OFFICE FOR
MEDFORD, OREGON,

                Defendants.

6:15-cv-840-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

Pro se plaintiff, Theo Burnette, brings this action asserting a negligence claim in the handling of an alleged overpayment to him by officials with the Social Security Administration after he raised a complaint regarding the handling of his son's benefits:

> I called the Medford Office at the insistence of my 11 year old son stating that his mother who was the payee was not using his money properly that he receives from my disability. I brought it to the attention of the Medford Office asking if they could do a little more checking rather than having her fill out the normal yearly form. They seemed disturbed by this request and I heard in the background "who am I to question them and their procedures." The next thing I know, I was informed there was an

Page 1 - FINDINGS & RECOMMENDATION

overpayment on my account. This information was eventually sent to the Yamhill Office in Portland. I was prompted by Social Security if needed, to secure an attorney and together we filled out their paperwork to send to the Yamhill office to develop a payment plan based on my income and bills. The Yamhill office never responded to my attorneys calls nor mine and took it upon themselves to take three months of income which totaled $4700.00 dollars. I then filed a congressional complaint through Senator Wyden's office who called and set up a payment arrangement with them. This was done in lieu of a hearing to appear before an ALJ on February 25, 2014, and he ruled on March 22, 2014 favorable to me.

Complaint (#1) at p. 3.

Plaintiff seeks $17,991.44 for alleged losses to his retirement fund and $1500 in attorney fees.

The Social Security Administration does not dispute that it incorrectly determined that plaintiff was overpaid and wrongly withheld benefits as a result. However, following the Administrative Law Judge's decision, the Administration refunded the amount incorrectly withheld. Thus, at best, plaintiff seeks economic losses beyond the withheld benefits. There is no basis for the court to award such remedy.

Plaintiff began receiving disability benefits on June 1, 1991.[1] On September 24, 2011, the Administration informed plaintiff that he had been overpaid benefits in the amount of $15,438 from May 1, 2008 to February 28, 2009. As a result, the Administration withheld all of plaintiff's July, August, and September 2012 disability payments and planned to withhold $336 a month for the next 32 months. The Administration had determined plaintiff exceeded the trial work period (TWP) earnings ceiling, but the ALJ found that plaintiff had exceed TWP earning for only seven months, two months less than allowed before plaintiff reached full retirement age.

---

[1] Although the complaint omits many of the background facts, plaintiff does attach the administrative law judge's decision and that document provides background factual material.

Page 2 - FINDINGS & RECOMMENDATION

In April of 2014, the Administration refunded the withheld amount in full and restored his monthly benefit. On October 20, 2014, plaintiff submitted an administrative claim to the Administration seeking $17,991.44 "plus interest and dividends, and early withdrawal fees accrued." Plaintiff's request was based on his resort to personal retirement funds to live on during the 20 month period his benefits were reduced. Plaintiff specifically asserted that he was forced to draw on his retirement investment account because of negligence by social security. In a letter dated, January 26, 2015, the Administration denied the claim because: (1) there is no evidence of a negligent act or omission by an employee of the United States acting in the course and scope of his or her employment sufficient for liability under the Federal Tort Claims Act (FTCA); (2) the Social Security Act precludes any recovery for any claims arising under the Social Security Act; and (3) any claim under the FTCA is time-barred. Plaintiff then filed this action.

Defendants now move to dismiss asserting that the court lacks subject matter jurisdiction and/or because the applicable statute of limitations precludes this action.

A.  Subject Matter Jurisdiction

To the extent plaintiff resorts to the Social Security Act as a basis for jurisdiction, 42 U.S.C. § 405(h) provides that

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Accordingly, plaintiff may not raise a negligence claim under the Social Security Act. Weinberger v. Salfi, 422 U.S. 749, 758-59 (1975) (The Act prohibits review of decision of the Commissioner

save as provided in section 405(g). Indeed, plaintiff resorted to administrative review of his claim that he was not overpaid and prevailed. He does not specifically challenge the ALJ's decision and certainly has not done so within the 60 days of the decision as required under section 405(g).

Moreover, claims for consequential damages such as might arise under a negligence claim and arising under the FTCA are barred by the Act as well. See Hooker v. U.S. Dept. of Health and Human Services, 858 F.2d 525, 529-30 (9th Cir. 1988) (allowing lawsuits under the FTCA for greater damages than the statute provides would render meaningless the jurisdiction restriction of § 405(h)). In addition, the Act prohibits a Bivens type action against Administration officials for money damages. See Schweiker v. Chilicky, 487 U.S. 412, 425 (1988). Because the court lacks jurisdiction to hear plaintiff's claims, this action should be dismissed.

B.    Statute of Limitations

Even if plaintiff were able to overcome the hurdle of this court's lack of jurisdiction to hear his claim, plaintiff has failed to timely assert a claim under the FTCA.[2] Under 28 U.S.C. § 2401(b), tort claims must be presented to the appropriate agency within two years after the claim accrues. Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004) ((quoting TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); see also United States v. Kubrick, 444 U.S. 111, 123 (1970) (applying accrual analysis to FTCA claim and determining that accrual does not await plaintiff's awareness that the injury was negligently inflicted, but rather starts when plaintiff is armed with facts about the harm done).

---

[2]The court also notes that plaintiff has failed to name the proper defendant, the United States, for a claim under the FTCA.

Page 4 - FINDINGS & RECOMMENDATION

The SSA informed plaintiff of its determination of the overpayment of benefits on September 24, 2011, well beyond the two year limitation period given that plaintiff filed notice with the agency on October 20, 2014. Even if the claim did not accrue until the harm became more concrete when recoupment occurred in July of 2012, the claims are still time-barred. Because plaintiff provides no basis for tolling the limitations period, this action should be dismissed for this reason as well.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (#12) should be granted and this action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this ___ day of October 2015.

THOMAS M. COFFIN
United States Magistrate Judge